UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AUSTIN THOMAS NOEL,
    a/k/a "official_anoel,"

        Defendant.
_____/

No. 1:23-cr-32

Hon. Robert J. Jonker
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Austin Thomas Noel and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Plea to Information</u>. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to the Felony Information, charging Sexual Exploitation of a Minor and Attempted Sexual Exploitation of a Minor in violation of Title 18, United States Code, Section 2251(a).

2.    <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 2251(a) the following must be true:

      a.    Defendant used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

      b.    The depiction was produced using materials that had been shipped or transported in interstate and foreign commerce; or the depiction was actually transported in interstate commerce.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalties</u>.  The statutory minimum and maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(a), is the following:

    i.    maximum term of imprisonment: 30 years;
    ii.    minimum term of imprisonment: 15 years;
    iii.    maximum term of supervised release: life;
    iv.    minimum term of supervised release: 5 years;
    v.    maximum fine: $250,000;
    vi.    mandatory special assessment: $100; and
    vii.    additional special assessments of $5,000 and up to $50,000

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Supervised Release Defined</u>.  Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.  Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Sex Offender Registration</u>.  Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school.  Defendant understands that failure to register may subject him to prosecution.

6. <u>Mandatory Restitution (MVRA)</u>.  Defendant understands that he will be required to pay full restitution as required by law.  Defendant agrees that the restitution order is not restricted to the losses suffered by the victim in the charge to which Defendant is pleading guilty and that he will be responsible for restitution for all victims of his sexual exploitation of minors, including, but not limited to, Victims 2, 3, and 4, referenced in the Complaint (1:23-mj-9).  The parties currently are unaware of a request for restitution, but recognize and agree that the amount of restitution will be determined by the Court at the time of sentencing.  Defendant acknowledges that any restitution imposed by the Court shall be due and payable immediately and that any payment plan set by the Court does not prohibit the United States from collecting restitution beyond the installments set forth in the payment plan, until restitution is collected in full. Defendant agrees to complete a Financial Disclosure Statement fully and truthfully, together with waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information and to submit the statement to the Financial Litigation Unit of the U.S. Attorney's Office within thirty days of executing this agreement. Defendant authorizes the U.S. Attorney's Office to inspect and copy all financial documents and financial information held by the U.S. Probation Office, and acknowledges the United States may share any information collected pursuant to this agreement with the U.S. Probation Office or the Court.

7. <u>Asset Forfeiture</u>.  Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.  Specifically, Defendant agrees to forfeit to the United States the following, which constitutes property containing child pornography and used to commit and promote the offense charged in the Felony Information:

PERSONAL PROPERTY

    1.    Samsung SM-S908U cellular telephone (SN DNPXMJNPKXKV),
    2.    Samsung SM-X900 tablet, (SN R52T207S1WH),
    3.    iPod Red (SN CCQYR16CM93F), and
    4.    2 DVD's titled Innocence: Baby Blue.

Defendant admits that the above-listed property is subject to forfeiture pursuant to Title 18, United States Code, Section 2253. Defendant consents to the entry of a preliminary order of forfeiture the property at or before the time of sentencing.

8. <u>The Sentencing Guidelines</u>.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.  Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to

review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. **Factual Basis of Guilt**. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: beginning in 2019 continuing until about July 2021, in Ottawa and Muskegon Counties and elsewhere, Defendant used, persuaded, induced, and enticed Victim 1, who was between 12 and 14 years old during that time, to take pictures of herself engaging in sexually explicit conduct, including the lascivious display of the child's pubic area. Defendant then instructed Victim 1 to send the pictures to him via Snapchat. Snapchat is a web-based provider that operates using the internet. The internet operates in and affecting interstate and foreign commerce.

10. **The United States Attorney's Office Agrees.**

    a. **Acceptance of Responsibility**. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing

Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

b.  <u>Non-Prosecution Agreement</u>.  The U.S. Attorney's Office for the Western District of Michigan agrees not to further prosecute Defendant for violations of 18 U.S.C. §§ 2251 and 2252A arising out of Defendant's sexual exploitation of Victims 1, 2, 3 and 4, who were identified in the Criminal Complaint, and his coercion and enticement of those minors, and receipt and possession of child pornography, provided that the conduct is known by the Government as of the date of this agreement. Defendant understands that the U.S. Attorney's Office is free to prosecute Defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that in determining the sentence the Court may consider the conduct and potential charges in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted. Further, the parties stipulate and agree that because the Court can consider

the forgone charges, Victims 2, 3, and 4 will be allowed to give written and/or oral victim impact statements at or before sentencing if they so desire.

11. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

12. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against Defendant.

  d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

  e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

  f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13. <u>Other Waivers</u>.

  a. <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

  b. <u>Hyde Waiver</u>. Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

14. <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty pleas, and he will remain bound to fulfill all of his obligations under this agreement.  Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

15. <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16. <u>Consequences of Breach</u>.  If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever

existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

*This space intentionally left blank.*

## United States v. Austin Thomas Noel
## Plea Agreement Signature Page

17. **This is the Complete Agreement.** This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARK A. TOTTEN
United States Attorney

March 17, 2023
Date

DANIEL Y. MEKARU
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

3-15-23
Date

AUSTIN THOMAS NOEL
Defendant

I am Austin Thomas Noel's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3-15-23
Date

THOMAS SMITH
Attorney for Defendant